KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francisco M. De La Cadena, | No. CV12-1305-PHX-DGC (JFM) |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

On June 18, 2012, Petitioner Francisco M. De La Cadena, who is confined in the Arizona State Prison Complex-Lewis, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and paid the filing fee.

**I.     Petition**

Petitioner was convicted in Maricopa County Superior Court, case CR 2004-137060-001DT, of two counts of aggravated assault and one count of influencing a witness. He was sentenced to a 7.5-year term of imprisonment. In his Petition, Petitioner names Charles L. Ryan as Respondent and the Arizona Attorney General as an Additional Respondent.

Petitioner raises nine grounds for relief in his Petition. He also alleges that he has a petition pending in the Arizona Supreme Court.

**III.    Discussion**

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526

U.S. 838, 842 (1999). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842. The failure to exhaust subjects the Petition to dismissal. See Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).

If a prisoner has post-conviction proceedings pending in state court, the federal exhaustion requirement is not satisfied. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (pending appeal); Schnepp v. Oregon, 333 F.2d 288, 288 (9th Cir. 1964) (pending post-conviction proceeding). The prisoner must await the outcome of the pending state-court challenge before proceeding in federal court, "even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." Sherwood, 716 F.3d at 634. The pending state-court proceeding could affect the conviction or sentence and, therefore, could ultimately affect or moot these proceedings. Id.

In light of Petitioner's pending state court petition, the Petition is premature and must be dismissed. See id.; Schnepp. The Court will dismiss the case without prejudice.

**IT IS ORDERED:**

(1)  Petitioner's Petition for Habeas Corpus (Doc. 1) and this case are **dismissed without prejudice**.

(2)  The Clerk of Court must enter judgment accordingly and close this case.

(3)  Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED this 2nd day of August, 2012.

_____
David G. Campbell
United States District Judge